WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,  )<br>              Plaintiff,      )<br>v.                                )<br>                                  )<br>Jeffrey Charles Hoagland, )<br>              Defendant.    )<br>_____) | CR 01-1629 TUC DCB (NFF)<br><br>**ORDER** |

On November 20, 2003, a jury convicted Defendant of violating 18 U.S.C. § 2113(a), Bank Robbery ("Count One"), and 18 U.S.C. § 924(c)(1)(A), (B), and (D), Use of a Deadly Weapon or Destructive Device During a Crime of Violence ("Count Two"). A Presentence Report was completed and reviewed by counsel. After a full opportunity to make objections to the Presentence Report and to brief all sentencing issues, a sentencing hearing was held, and the Court made specific findings regarding the applicable Guideline range for sentencing in this case. On April 8, 2004, the Defendant was sentenced within this range to 45 months' imprisonment on Count One and 360 months' imprisonment on Count Two, to run consecutively.

On April 8, 2004, Defendant appealed his sentence. On August 12, 2005, the Ninth Circuit Court of Appeals issued a Memorandum decision and entered Judgment on September 6, 2005, remanding the case for the limited purpose of considering whether or not to re-sentence the Defendant, in light of *United States v. Booker*, 125 S. Ct. 738 (1005), *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (*en banc*), and to *see also*: *United States v. Moreno-Hernandez*, 2005 WL 1560269 (9th Cir. July 5, 2005).

In *Booker*, the Supreme Court struck down the sentencing scheme created by the Sentencing Reform Act of 1984 because the Act violated the Sixth Amendment to the Constitution by mandating the imposition of sentences predicated on facts not found by the jury or admitted by the defendant. To remedy the constitutional infirmity, the Court severed the mandatory portions of the Act, rendering the Sentencing Guidelines advisory.

The Ninth Circuit requires a limited remand in *all* pending direct criminal appeals where the case on appeal involves an un-preserved[1] *Booker* error, *Ameline*, 409 F.3d at 1084-85, "whether constitutional or not, *Moreno-Hernandez*, 2005 WL at 9. Constitutional error occurred if the court sentenced a defendant based on facts not found by a jury or not admitted by the defendant. Even if there was no constitutional error, there was procedural error under the pre-Booker mandatory sentencing scheme. *United States v. Crosby*, 397 F.3d 103, 114-115 (2nd Cir. 2005). Either error requires remand to the district court to determine whether or not re-sentencing is warranted. *Id.*; *see also Ameline*, 409 F.3d at 1080-81.

If the district court finds that the defendant's sentence would have been materially different had it known that the Sentencing Guidelines were advisory, the defendant must be re-sentenced. *Ameline*, 409 F.3d at 1084-85. If not, the original sentence stands, subject to appeal for reasonableness. *Id.* at 1079.

On remand, this Court must still consult the Sentencing Guidelines to determine the applicable guideline range. This Court has already calculated the applicable guideline range for the Defendant's sentence. Nothing in the Ninth Circuit's remand Order calls into question the guideline calculation made in this case, but on remand it is advisory.

The sentencing factors that be must considered on remand are those set out in 18 U.S.C. § 3553(a). Pre-*Booker*, these factors had uncertain import because 3553(b)(1) mandated that judges select a sentence within an applicable guideline range unless the

---

[1] The plain error standard of review applies where error is un-preserved, as compared to the analysis when a defendant preserves his Sixth Amendment claim. *Ameline*, 409 F.3d at 1078 n.1.

statutory standard for a departure was met. *United States v. Crosby*, 397 F.3d 103, 111 (2nd Cir. 2005). "Now, with the mandatory duty to apply the Guidelines excised, the duty imposed by section 3553(a) to 'consider' numerous factors acquires renewed significance." *Id.*

> The pertinent factors in Section 3553(a) are as follows:
>
> (a)--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider–
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed–
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C.A. § 3553(a).[2]  On remand, the parties may address these factors.

The Ninth Circuit cautions that not every defendant will want to pursue re-sentencing upon remand and directs this Court to provide an opportunity for a defendant with a pending appeal to opt-out of re-sentencing by promptly giving such notice. *Ameline* at 1084.  In the event the Defendant gives notice to this Court that [he or she] does not seek re-sentencing, this matter will be disposed of accordingly and returned to the Ninth Circuit.

---

[2] Section 3553(a), subsections (3)(4) and (5) cover factors that are addressed during the calculation of the guideline sentencing range for a defendant.

1    In the event the Defendant does not opt-out, the parties shall provide, in writing, their views regarding section 3553(a) factors for re-sentencing. *Id.* at 1085. A hearing without Defendant's presence may or may not by held at the Court's discretion. *Crosby*, 397 F.3d at 120. If the Court determines that the sentence imposed would not have differed materially had it been aware that the Guidelines were advisory, the Court will issue an Order of explanation. *Ameline*, 409 F.3d at 1085. The Defendant need only appear before the Court in the event of re-sentencing. *Crosby*, 397 F.3d at 120.

**Accordingly,**

**IT IS ORDERED** that the Defendant has 10 days from the filing date of this Order or until **October 14, 2005**, to file a notice with this Court that he opts-out of re-sentencing. This matter shall be returned, forthwith, to the Ninth Circuit Court of Appeals for review.

**IT IS FURTHER ORDERED** that in the event the Defendant does not opt-out of re-sentencing, the Defendant's re-sentencing brief shall be filed with the Court within 20 days from the filing date of this Order or by **October 21, 2005**. The Government shall have 10 days to file a Response. The Court WILL NOT consider any arguments pertaining to the applicable Guideline range calculation because that determination has been fully briefed, argued, and determined in this case.

**IT IS FURTHER ORDERED** that subsequent to receiving the parties briefs, the Court shall issue an Order explaining its decision regarding re-sentencing or at its discretion, the Court may set this matter for hearing. Defendant shall not appear at any hearing, unless it is determined that he shall be re-sentenced.

DATED this 3rd day of October, 2005.

David C. Bury
United States District Judge