**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Charles Hoagland,<br><br>    Petitioner,<br><br>v.<br><br>USA,<br><br>    Respondent. | No. CV-16-00806-TUC-DCB<br><br>(CR-01-1629-TUC- DCB)<br><br>**ORDER** |

      June 6, 2016, Plaintiff filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Motion (Doc. 1)). After being stayed pending a decision by the Supreme Court in *Sessions v. Dimaya*, 138 S. Ct. 1208 (2018), the motion was fully briefed August 10, 2018. In the interim, the Ninth Circuit issued an opinion in *United States v. Watson,* 881 F.3d 782, 783-84 (9th Cir. 2018) which is binding precedent upon which the Court relies and denies the Motion. On August 10, 2018, when the Petitioner filed the Reply, he asked the Court to issue a certificate of appealability if it denies the Petition because a Petition for Writ of Certiorari was submitted in *Watson* to the United States Supreme Court. That petition has now been denied. *Watson v. United States,* 139 S. Ct. 203 (2018). *Watson* is directly on point with this case and requires denial of Petitioner's habeas motion. The Court will not issue a certificate of appealability.

## BACKGROUND

      Petitioner was charged and convicted by a jury for bank robbery in violation of U.S.C. § 2113(a), with use of a deadly weapon or destructive device by threatening to use

a hand grenade during a crime of violence in violation of 924(c)(1)(A). The Court sentenced the Defendant to 45 months for Count One, bank robbery, and 360 months for Count Two, for the use of a deadly weapon during a crime of violence.

Petitioner challenges the constitutionality of his sentence based on the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Sessions v. Dimaya*, 138 S. Ct. 1208 (2018). In *Johnson*, the Supreme Court invalidated a prisoner's sentence under the Armed Career Criminal Act (ACCA) because the definition of "violent felony" for a predicate crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another" was unconstitutionally vague. *Johnson,* 135 S. Ct. at 2557; 18 U.S.C. § 924(e)(2)(b)(ii). The Court in *Dimaya* invalidated a similarly-worded definition of "crime of violence" in the Immigration and Nationality Act ("INA") because it likewise "devolv[ed] into guesswork and intuition, invited arbitrary enforcement, and failed to provide fair notice." *Dimaya*, 138 S. Ct. at 1223; 18 U.S.C. § 16(b).

Petitioner challenges his sentence for Count Two, use of a deadly weapon or destructive device during a "crime of violence," because the definition of the predicate "crime of violence" in § 924(c) is unconstitutional following *Johnson* and *Dimaya*.

## ANALYSIS

Petitioner argues that bank robbery should no longer be considered a predicate "crime of violence" for purposes of § 924(c)(3) because its residual clause, subsection B, suffers from the same unconstitutional vagueness identified by the Supreme Court in the statutes at issue in *Johnson* and *Dimaya*. Under *Watson,* however, the Ninth Circuit Court of Appeals found that a bank robbery conviction qualifies as a "crime of violence" predicate offense.

In Count Two, Petitioner was charged, convicted, and sentenced for use of a deadly weapon (destructive device) during a "crime of violence" in violation of 18 U.S.C. 924(c)(1). A "Crime of Violence" under 18 U.S.C § 924(c)(1) is defined as a felony that has either: (A) an element the use, attempted use, or threatened use of physical force against

the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. 18 U.S.C. § 924(c)(3). Subsection (A) is known as the "force clause" and is satisfied if the predicate crime has as an element the use of "'violent' physical force—'that is force capable of causing physical pain or injury.'" *Watson*, 881 F.3d at 784 (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010) ). In *Watson,* the court held that a felony conviction for bank robbery under § 2113(a) constitutes a "crime of violence" under the "force clause," § 924(c)(3)(A). *Watson,* 881 F.3d at 784.

The defendants in *Watson* were convicted of robbing a bank under § 2113(a) while armed with handguns. The Court finds no distinction in the fact that, here, the Defendant was armed with a hand grenade. In *Watson*, the Ninth Circuit rejected the argument that after *Johnson* bank robbery no longer qualifies as a crime of violence. Following *Watson,* as it must, the Court finds bank robbery fits the definition of "crime of violence" in § 924(c)(3), and the sentence imposed for Count Two is constitutional. The Court denies the § 2255 motion.

Habeas relief under 28 U.S.C. § 2255 is only available to a petitioner in custody in violation of the Constitution or laws of the United States. Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, [u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994). "The standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011). A district court may dismiss a § 2255 motion based on a facial review of the record "only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are palpably incredible or patently frivolous." *Id.* at 1062–63. Because the Court finds that the Petitioner's Motion does not give rise to a claim for relief, it denies it without a hearing.

Rule 11(a), Rules Governing Section 2255 Cases, requires that the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The standard for issuing a certificate of appealability is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To meet the "threshold inquiry" on debatability, the Ninth Circuit instructs that the petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (internal citations omitted).

Petitioner's challenge to his conviction and sentence under § 924(c) runs directly contrary to controlling Ninth Circuit authority. The *Watson* decision is binding precedent on this Court, and as the Ninth Circuit noted, it reached the same conclusion as "every other circuit to address the same question." *Watson,* 881 F.3d at 785. Given the certainty of dismissal of the Petition under *Watson,* the Court will not issue a certificate of appealability.

**Accordingly,**

**IT IS ORDERED** that the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Document 167) filed in CR 01-1629 TUC DCB and (Document 1) filed in CV 16-806 TUC DCB is DENIED.

**IT IS FURTHER ORDERED** that Civil case number CV 16-806 TUC-DCB is DISMISSED with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly.

1 | **IT IS FURTHER ORDERED** that a certificate of appealability as to his claim that
2 | federal bank robbery is not a crime of violence under 18 U.S.C. § 924(c) is DENIED.
3 | Dated this 25th day of March, 2019.

_____
Honorable David C. Bury
United States District Judge